FILED
May 23, 2019
02:40 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| MICHAEL KASSMIEH, | ) | Docket No.: 2018-05-1079 |
| Employee, | ) | |
| v. | ) | |
| | ) | |
| NEIS, INC., | ) | State File No.: 54818-2017 |
| Employer, | ) | |
| And | ) | |
| | ) | |
| NAT'L UNION FIRE INS. CO. | ) | Judge Robert Durham |
| OF PITTSBURG, PA, | ) | |
| Insurer. | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court for a second Expedited Hearing. [1]  Following the parties' agreement to accept a decision based on a record review, the Court issued a Docketing Notice on May 13, 2019.

The issue is whether additional documents Mr. Kassmieh provided contain sufficient medical proof to establish that his eye pain, headaches, and tinnitus were primarily caused by his work injury.  The Court holds that, despite this new information, Mr. Kassmieh remains unlikely to succeed at trial in establishing medical causation and thus denies his request for benefits.

### History of Claim

Mr. Kassmieh suffered a head injury on July 19, 2017, while working for NEIS. He asserted the injury caused unrelenting right-eye pain, headaches, and tinnitus. NEIS provided authorized treatment with two neurologists and an ophthalmologist, but none could find an objective reason for his complaints.

---

[1] The Court issued an expedited hearing order on April 5, 2019.  The findings of fact and conclusions of law from that order are incorporated herein.

1

One of the neurologists, Dr. Stephen Graham, concluded that Mr. Kassmieh's subjective complaints were "far out of proportion" to his "very minor head injury" and determined he is at maximum medical improvement (MMI) from his accident. He released Mr. Kassmieh with no restrictions or impairment and stated he needed no additional neurological treatment.

Mr. Kassmieh also treated with an unauthorized neurologist, Dr. Joy Derwenskus. Although she treated him for his headaches and facial pain, she did not provide a causation opinion for the first expedited hearing. Based on Dr. Graham's opinion and the lack of contrary medical evidence, the Court denied Mr. Kassmieh's request for benefits as to his current symptoms.

Shortly thereafter, Mr. Kassmieh filed another petition for benefit determination, this time with a causation letter from Dr. Derwenskus. She believed it likely that Mr. Kassmieh's "persistent headaches are related to the injury he sustained when he walked into the doorframe." She based this opinion on his account of the accident and his assertion that he did not have headaches before.

**Findings of Fact and Conclusions of Law**

Mr. Kassmieh need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The primary issue remains causation. To prevail, Mr. Kassmieh must show he is likely to prove that his current complaints arose primarily from the July 19, 2017 incident. To do that, he must establish "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *See* Tenn. Code Ann. § 50-6-102(14). Thus, causation must be established by expert medical testimony, and it must be by more than "speculation or possibility." *Id.*

Here, the only doctors to address causation are Dr. Graham and Dr. Derwenskus. Dr. Graham stated that Mr. Kassmieh did not have any long-term neurological defects and was at MMI for his work accident despite his continued complaints, which were "far out of proportion to his very minor head injury." He also stated that from a neurological standpoint, Mr. Kassmieh did not require any further restrictions or treatment for the work accident. The Court finds that Dr. Graham's statements establish that he does not

2

believe Mr. Kassmieh's current complaints are causally related to his work injury. As an authorized physician, Dr. Graham's opinions are presumed correct and can only be rebutted by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(12)(A)(ii).

In an attempt at rebuttal, Mr. Kassmieh offered Dr. Derwenskus's letter, which states that Mr. Kassmieh's headaches were "likely" related to his work injury, based on his history. While the law does not require a doctor to use exact statutory language when addressing causation, the language must be sufficient to establish the likelihood of meeting the standard at trial. *See, Joiner v. United Parcel Service, Inc.*, 2018 TN Wrk. Comp. App. Bd., LEXIS 54, at *21 (Sept. 14, 2018). In this case, Dr. Derwenskus's opinion that the headaches are "likely related" does not meet the requirement that the symptoms arose *primarily* out of the work injury. This is insufficient to rebut Dr. Graham's opinion, particularly given the lack of objective findings and the absence of a diagnosis for Mr. Kassmieh's symptoms.

Thus, the Court holds that Mr. Kassmieh has yet to establish he is likely to prove causation for his current symptoms, and his request for medical treatment and temporary disability benefits for those symptoms is denied.

IT IS, THEREFORE, ORDERED that:

1. Mr. Kassmieh's request for medical treatment for headaches, eye pain, and tinnitus is denied at this time. However, NEIS shall continue to provide reasonable and necessary treatment for any conditions arising primarily from his work injury.

2. Mr. Kassmieh's request for disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on July 3, 2019, at 10:00 a.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED THIS THE 23 DAY OF MAY, 2019.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Docketing Notice
3. NEIS's position statement
4. Mr. Kassmieh's position statement

Exhibits

1. Medical records of Dr. Mangus
2. Medical record of Dr. Woods
3. Photographs
4. Wage statement
5. Mr. Kassmieh's affidavit
6. Medical records of Drs. Graham, Strickland and Loden; C-42 panels
7. Medical records of Dr. Derwenskus
8. Photographs
9. MRI report
10. Dr. Derwenskus's causation letter
11. April 5, 2019 expedited hearing order

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to these recipients by the following methods of service on May 23, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Michael Kassmieh | X | | X | 3101 Lancelot Drive, Murfreesboro, TN 37127 Mkas2734@gmail.com |
| Catherine Dugan | | | X | cate@petersonwhite.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

    ☐ Temporary disability benefits
    ☐ Medical benefits for current injury
    ☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____